**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ROBERT KARL BARGER | : | |
| | : | |
| Appellant | : | No. 440 WDA 2022 |

Appeal from the Judgment of Sentence Entered January 31, 2020
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s): CP-65-CR-0002109-2019

BEFORE: BENDER, P.J.E., LAZARUS, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.: **FILED: APRIL 25, 2023**

Robert Karl Barger appeals from the judgment of sentence entered following his guilty plea to failure to comply with registration requirements of Subchapter I of the Sex Offenders Registration and Notification Act ("SORNA"). 18 Pa.C.S.A. § 4915.2(a)(1). Barger's counsel filed in this Court an **_Anders_**[1] brief and a petition to withdraw as counsel. We grant counsel's petition to withdraw and affirm the judgment of sentence.

In January 2006, Barger pled guilty to indecent assault of person less than 16 years of age, indecent exposure, and unlawful contact with a minor.[2] He committed the offenses in 2005. Following his conviction, Barger was required to comply with the registration requirements of Megan's Law III, 42

---

[1] **_Anders v. California_**, 386 U.S. 738 (1967).

[2] 18 Pa.C.S.A. §§ 3126(a)(8), 3127(a), and 6318(a)(1), respectively.

Pa.C.S.A. § 9795.1(b)(3) (expired Dec. 20, 2012), which was the current law requiring individuals convicted of certain offenses to register as sexual offenders.[3]

In March 2019, the police filed a criminal complaint charging Barger with one count of failure to comply with registration requirements of Subchapter I of SORNA ("Subchapter I") for failure to timely register with the Pennsylvania State Police from January 4, 2019 to January 13, 2019. Barger entered a negotiated guilty plea and was sentenced to four to eight days' incarceration with credit for time served. Barger filed a timely appeal.

Before we assess the substance of the *Anders* brief, we must first determine whether counsel's request to withdraw meets certain procedural requirements. *See Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa.Super. 2007) (*en banc*). An *Anders* brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

---

[3] The court found Barger to be a sexually violent predator ("SVP"). *See Commonwealth v. Barger*, Nos. 503 & 504 WDA 2021, 2022 WL 499834, at *1 (Pa.Super. filed Feb. 18, 2022).

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009).

Counsel must also provide a copy of the *Anders* brief to the client, and a letter that advises the client of the right to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Orellana*, 86 A.3d 877, 880 (Pa.Super. 2014) (quoting *Commonwealth v. Nischan*, 928 A.2d 349, 353 (Pa.Super. 2007) (alteration omitted)). If counsel has satisfied these requirements, we then conduct "a full examination" of the record "to decide whether the case is wholly frivolous." *Commonwealth v. Dempster*, 187 A.3d 266, 271 (Pa.Super. 2018) (*en banc*) (quoting *Anders*, 386 U.S. at 744).

Here, in the *Anders* brief, counsel states he reviewed the record and summarizes the history and facts of the case. He refers to matters in the record arguably supporting the appeal and explains his reasons for concluding the issue was wholly frivolous. Counsel supplied Barger with a copy of the *Anders* brief and petition to withdraw and advised him of his right to retain new counsel or to proceed *pro se*. Counsel complied with the technical requirements of *Anders* and *Santiago*. We will therefore address the issue raised by counsel and review Barger's *pro se* response.

In the *Anders* brief, Barger's counsel lists the following issue: "Did the Court err in applying SORNA registration requirements for a conviction of a sexually violent offense that was committed prior to the enactment of SORNA?" *Anders* Br. at 5. Counsel notes that the sole contention is that

pursuant to **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017), it was unconstitutional to apply SORNA registration requirements to Barger for crimes that pre-dated SORNA's enactment. Counsel points out that the Pennsylvania Supreme Court addressed this argument in **Commonwealth v. Lacombe**, 234 A.3d 602 (Pa. 2020), wherein it recognized that Subchapter I "served as the mechanism for retroactive enforcement of SORNA for sex offenses that occurred between April 22, 1996 and December 20, 2012," and held that Subchapter I did not impose criminal punishment and therefore its retroactive application did not violate the *Ex Post Facto* Clause. **Id.** at 8.

Counsel states that Barger's conviction that triggered registration occurred in 2006 and therefore Subchapter I applied, and he failed to register in January 2019, after Subchapter I was enacted. Counsel therefore concludes that **LaCombe**'s analysis applies and application of Subchapter I to Barger does not violate the *Ex Post Facto* Clause.

Barger filed a *pro se* response to the **Anders** brief. He argues application of Subchapter I to a pre-SORNA crime is unconstitutional, as it violates the *Ex Post Facto* and Due Process Clauses of the United States Constitution and violated his right to a good reputation under the Pennsylvania Constitution. He focuses on the **LaCombe** Court's discussion of one of the *ex post facto* factors, wherein it found the provisions of Subchapter I were historically considered punishment. He claims that **LaCombe** is a "guide[]post," and should not be followed because the legislative intent of Subchapter I was to impose criminal punishment. **See** Barger's *Pro Se* Response at 7. He argues

- 4 -

he is being punished twice for his underlying crime. He further claims it is cruel and unusual punishment to force him to register because the registration is public shaming and similar to a probation and parole sentence. He also argues that Megan's Law III, under which he originally was required to register, was found to be unconstitutional in *Commonwealth v. Neiman*, 84 A.3d 603, 615 (Pa. 2013). He argues because *Neiman* found Megan's Law III to be void, his duty to register never existed. He argues the General Assembly cannot revive what did not exist. He claims he was not put on notice that it would be a crime to fail to register.

We agree with counsel that Barger's *ex post facto* claim is frivolous. In *LaCombe*, the Pennsylvania Supreme Court addressed the constitutionality of Subchapter I, which was enacted in 2018 and applies to defendants, like Barger, who committed the underlying crime between 1996 and 2012. *LaCombe*, 234 A.3d at 615; *see* 42 Pa.C.S.A. §§ 9799.52, 9799.54, 9799.55. The Court found the General Assembly's intent was to enact a civil scheme and then applied the *Mendoza-Martinez*[4] factors to determine whether the law had a punitive effect. *LaCombe*, 234 A.3d at 618. As Barger points out, in discussing the second factor, whether Subchapter I's requirements have historically been regarded as punishment, the Court found the requirements were "akin" to public shaming and to probation and found the factor weighed in favor of finding Subchapter I punitive. *Id.* at 623. However, when the Court

---

[4] *Kennedy v. Mendoza-Martinez*, 372 U.S. 144 (1963).

balanced all factors, it found Subchapter I was non-punitive, reasoning that it found three of the five factors weighed in favor of finding Subchapter I nonpunitive, and noting it "g[a]ve little weight to the fact that Subchapter I promotes the traditional aims of punishment and g[a]ve significant weight to the fact Subchapter I is narrowly tailored to its nonpunitive purpose of protecting the public." *Id.* at 626. It concluded that, because it had "not found the requisite 'clearest proof' Subchapter I is punitive, [it] may not 'override legislative intent and transform what has been denominated a civil remedy into a criminal penalty[.]'" *Id.* (citation omitted).

Here, Barger was convicted in 2006 for a crime he committed in 2005. He failed to register in 2019, after the enactment of Subchapter I. Therefore, like the defendants in **LaCombe**, Subchapter I applied to Barger and, when he failed to appear for his registration, he could be found criminally liable for the failure.

We reject Barger's claim based on **Neiman** as frivolous. In **Neiman**, the Pennsylvania Supreme Court found Megan's Law III unconstitutional because it violated the single-subject rule of the Pennsylvania Constitution. 84 A.3d at 605. However, Subchapter I provides that "[n]othing in this subchapter shall be construed to relieve an individual from the obligation to register with the Pennsylvania State Police under this subchapter if the individual . . . (1) committed a sexually violent offense within this Commonwealth . . . and (2) . . . would have been required to register with the Pennsylvania State Police under [Megan's Law III] . . . but for the decision by

the Pennsylvania Supreme Court in **Commonwealth v. Neiman**, 84 A.3d 603 (Pa. 2013)." 42 Pa.C.S.A. § 9799.75(a)(1),(2) (footnote omitted).[5]

Moreover, we conclude that Barger's claims based on his claim Subchapter I violated his right to reputation and constituted cruel and unusual punishment, are frivolous. In **Commonwealth v. Morgan**, this Court held that the SVP provisions of Subchapter I did not violate the constitutional right to reputation. 258 A.3d 1147, 1157 (Pa.Super. 2021). Further, because in **LaCombe** the Pennsylvania Supreme Court found Subchapter I to be non-punitive, it cannot constitute cruel and unusual punishment. **See Commonwealth v. Lankford**, 164 A.3d 1250, 1252 (Pa.Super. 2017) (discussing the prohibition against cruel and unusual punishment and pointing out it "forbids only extreme sentences that are grossly disproportionate to the crime" (emphasis omitted)).

We have reviewed the record and have not found any non-frivolous claims for our review.

Judgment of sentence affirmed. Petition to withdraw granted.

---

[5] In issuing its decision in **Neiman**, the Supreme Court held its decision for 90 days, to allow the General Assembly "to consider appropriate remedial measures." 84 A.3d at 616. Within the 90 days, the General Assembly amended SORNA to provide that it would apply to persons required to register with the state police at any time before SORNA's effective date. **Commonwealth v. Derhammer**, 173 A.3d 723, 726 (Pa. 2017).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/25/2023